**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Junies Alberry Jenkins, Jr., ) | No. CIV 04-2771-PHX-SRB (DKD) |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Clemenshaw, et al., ) | |
| Defendants. ) | |

Pending before the Court are the following:

1. Plaintiff's Motion (Petition) to Joinder New Evidence (Doc. #22), filed November 21, 2005;

2. Plaintiff's Application and Entry Motion for Default (Doc. #28), filed January 27, 2006;

3. Plaintiff's Motion to Compel Discovery (Doc. #30), filed January 27, 2006;

4. Plaintiff's Petition for Special Action Motion to Proceed (Doc. #32), filed February 6, 2006;

5. Plaintiff's Motion Alternate Dispute Resolution (Doc.#46), filed March 10, 2006; and

6. Defendants' Motion to Strike Plaintiff's Objection to Defendants' Answer to Amended Complaint (Doc. #52), filed May 1, 2006.

A.    Joinder of New Evidence.

The Complaint regarding this matter was filed December 3, 2004 (Doc. #1); First Amended Complaint was filed September 6, 2005. In his amended complaint, Plaintiff alleges that Defendants O'Brien and Lucos failed to protect Plaintiff. In his motion for new evidence, Plaintiff is alleging that Joyce Schuster, CSO II R. Perry and Sgt. Matos have failed to process and mail correspondence for Plaintiff stating that Plaintiff has failed to comply with DO 902. The facts alleged in Plaintiff's present motion are too far removed in time and circumstance from the present allegations in this § 1983 action. In addition, his claim is a grievable issue, the resolution of which requires Plaintiff to use the inmate grievance process. Therefore, the Court will deny Plaintiff's motion.

B.    Motion for Default.

In his Motion for Default, Plaintiff is requesting that default be entered against Defendant O'Brien "for failure to show just, and lawful, cause for his/her actions against the plaintiff." On December 8, 2005, Defendant O'Brien moved this Court for an extension of time to file a responsive pleading and on December 21, 2005, a Motion to Dismiss was filed (Doc. #25). A review of the record indicates that Defendant O'Brien waived service of the summons on December 20, 2005 (Doc. #27). Accordingly, Plaintiff's motion will be denied.

C.    Motion to Compel Discovery.

Plaintiff is requesting that CSO IV Tucker "to produce for copying and inspection" documents regarding this matter. Plaintiff is advised that CSO Tucker is not a party to this action. Plaintiff is further advised that motions for discovery/compel need not be filed with the Court but rather submitted to opposing counsel with a Notice of Service filed with the Court. Federal Rules of Civil Procedure, Rule 5(d):

> All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service, but disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admission.

- 2 -

1   *Also see* Rules of Practice of the United States District Court, District of Arizona (Local Rules),
2   LRCiv 5.2:

> A "Notice of Service" of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers.

Defendants have filed an Answer. Accordingly, Plaintiff's motion to compel will be denied as moot.

D.      Special Action (Petition to Joinder his Amended Complaint).

Plaintiff's Motion to Amend his Complaint (Doc. #9) was granted September 6, 2005 (Doc. #12). The Court will construe Plaintiff's request as a Motion for Leave to File a Second Amended Complaint. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

As the record shows, Plaintiff has previously amended his complaint. Both Defendants to this matter have waived service of the summons and the Court has recently ruled on their Motion to Dismiss (Doc. #48) in which the Court ordered that Defendants file an answer to Plaintiff's Amended Complaint. Moreover, as previously stated in this Order, Plaintiff's allegation in the present motion are too far removed from the allegations in this case. In addition, his claim is a grievable issue, the resolution of which requires Plaintiff to use the inmate grievance process. Therefore, the Court will deny Plaintiff's motion.

E.      Petition for An Alternate Dispute Resolution.

In his motion (petition) for alternate dispute resolution, Plaintiff states that he primarily filed his petition to inform the Court that his response to the Defendants' Motion to Dismiss would be filed late because of his lack of assistance from the Lewis-Morey Unit. In his Motion, Plaintiff as an option "suggests the court grant Motion to Dismiss, by Defendant, <u>without</u>

- 3 -

1  prejudice, and <u>with</u> leave to refile the Petition for Joinder as a new, original, complaint."
2  Plaintiff further states, "the petition has served its primary purpose, but it would be a shameful
3  waste of two, perfectly good claims; which the Plaintiff is still struggling to push through,
4  'administrative remedies,' here at Lewis-Morey Unit, if the petition was dismissed, outright."

It appears that Plaintiff is requesting that his Amended Complaint be dismissed and that he be able to file a Second Amended Complaint. As Plaintiff is aware, this Court has ruled on Defendants' Motion to Dismiss and has set a deadline for an Answer to be filed as to Defendants O'Brien and Lucos. Accordingly, Plaintiff's request will be denied.

F.  Motion to Strike Plaintiff's Objection to Defendants' Answer.

Pursuant to Rule 7(a), Federal Rules of Civil Procedure,

> There shall be a complaint and an answer; a reply to counterclaim denominated as such; and an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint; if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Plaintiff did not request leave from this Court to file a reply to Defendants' answer, and the Court will not require one. Plaintiff's objections will be stricken from the record.

**IT IS HEREBY ORDERED** denying Plaintiff's Motion (Petition) to Joinder New Evidence (Doc. #22).

**IT IS FURTHER ORDERED** denying Plaintiff's Application and Entry Motion for Default (Doc. #28).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Compel Discovery (Doc. #30), as premature.

**IT IS FURTHER ORDERED** denying Plaintiff's Petition for Special Action Motion to Proceed (Doc. #32).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion Alternate Dispute Resolution (Doc.#46).

1  **IT IS FURTHER ORDERED** granting Defendants' Motion to Strike Plaintiff's Objection to Defendants' Answer to Amended Complaint (Doc. #52).

DATED this 2nd day of May, 2006.

_____
David K. Duncan
United States Magistrate Judge